DUNDY COUNTY IRRIGATION COMPANY, APPELLANT, v. GEORGE W. MORRIS, APPELLEE.

FILED NOVEMBER 17, 1921. No. 21728.

1. Waters: IRRIGATION: RIGHTS OF OWNERS OF LAND. The owner of land through which an irrigation ditch or canal is constructed under the provisions of subdivision 2, sec. 13, art. II, ch. 68, Laws 1889, is entitled to the use of the water for irrigation purposes upon payment of "the usual and customary rates" for the use of the water.

2 ——: ——: ——. "The owner or operator of any works for

the storage, carriage or diversion of water except irrigation districts must deliver all water legally appropriated to the parties entitled to the use of the water for beneficial purposes, at a reasonable rate, to be fixed by the state railway commission, according to the law in such cases relating to common carriers." Rev. St. 1913, sec. 3454.

3. Evidence examined, and *held* not to show any title in defendant to an interest in the ditch or canal of the plaintiff.

APPEAL from the district court for Dundy county: HARRY S. DUNGAN, JUDGE. *Reversed, with directions.*

*R. D. Druliner, J. F. Cordeal, Lambe & Butler* and *Walter D. James,* for appellant.

*Bernard McNeny, J. S. Gilham* and *Hines & Hines, contra.*

Heard before LETTON, DAY and DEAN, JJ., SEARS and WESTOVER, District Judges.

LETTON, J.

This action is brought to procure an injunction against the defendant from cutting or destroying the embankment of plaintiff's irrigation ditch, or taking or appropriating any water therefrom. The plaintiff alleges that defendant has no water right, and that defendant's land is not among the lands to be watered by the appropriation for the ditch. The answer is very lengthy and perhaps a little inconsistent in some of its allegations. It denies that the land of defendant is not included in the appropriation, and avers that defendant has an equal right to water with any other owner; that the owner of the land, when the ditch was excavated, was one of the original stockholders of plaintiff; that in 1917 defendant became the owner of the land; that he succeeded by purchase to the rights of Freeman Scott, who was an original stockholder; that it is a mutual irrigation company; that the affairs of the corporation are conducted irregularly, and that he has been allowed to take water and has contributed work and labor in the reparation of the ditch and

dam. He prays that he may be recognized as the owner of three shares of stock; that his land be decreed to be part of the land for which the waters are appropriated, and he be entitled to use the same on the same terms as other stockholders.

The plaintiff corporation obtained its appropriation of water under the statute of 1889 (Laws 1889, ch. 68). Soon after the enactment of the irrigation law of 1895 (Laws 1895, ch. 69) a claim was filed for the company by L. Morse, its president, with the state board of irrigation, describing the point of diversion and the land which it was the intention that the ditch or canal should supply water to irrigate. Section 20, township 1, range 38, is included in this description. The claim alleged that the work of excavation and construction was begun on the 25th day of January, 1891, and the work completed in 1891, and that the water was turned into the ditch on or before July 25, 1891; that there were 75 acres of crops irrigated in 1891, and that it was estimated there would be 700 acres irrigated during 1895.

At the hearing before the state board it was shown that the main canal was completed in 1891, with an extension of 2½ miles in 1892. Afterwards, in compliance with an order of the board, dated March 1, 1896, the irrigation company filed a statement in writing of the sections and quarter sections of land for which water is claimed. In this list the "S.½ of sec. 20, T. 1, R. 38" is described. The board found that the appropriation dated from November 22, 1890, "that the said ditch covers and reclaims the following described lands, viz., *   *   *   S.½ of sec. 20   *   *   *   all in T. 1, N. R. 38,   *   *   *   W. 6th P. M." and allowed the appropriation for 45 cubic feet per second of time, and extended the time for completion of applying the water to a beneficial use to September 1, 1898. In 1900 a paper marked "Proof of Appropriation" was filed in the office of the state board upon a form furnished by that body. In answer to the printed question, "give legal subdivision of land, and the acreage in

each subdivision to which water was actually and usefully applied on or before Sept. 1, 1898," appears the following:

140
"S.E. 20-T.1-R.38    190 ? acres"

It is upon this defect in the proof that the claim that the land was not included in the appropriation is based. No certificate of appropriation was ever issued by the board.

The evidence convinces us that the land owned by defendant is a part of the land for which the appropriation of water was obtained. The mere fact that, apparently by mistake, the description was omitted from the paper filed in 1900, and that no certificate of appropriation was ever issued, is not material. The appropriation for the ditch had been completed before the law of 1895 went into effect; hence it was a vested right. No action has ever been taken by the state board under section 3402, Rev. St. 1913, or in any manner to forfeit the right to any of the water included in the appropriation. Plaintiff cannot claim the water under its original appropriation and at the same time refuse to have it applied to a beneficial use on the lands for which it was appropriated.

At the time the appropriation was made there was no statute in effect providing for the organization of mutual irrigation companies. The by-laws provide that water may be sold. The litigants agree that the corporation is a mutual irrigation company, but this concession does not establish the status of the corporation. Apparently it was organized under the general statutes. It is shown that now there are only a few individuals claiming to be stockholders, keeping up the ditch and taking water, but the corporate organization seems to be still in existence and assessments of money or of work are made to maintain the system. The by-laws of the plaintiff company are in evidence, but they do not specify the quantity of water to which each shareholder is entitled. They provide that each person entitled to water rights shall fur·

nish on the ground lumber for construction of boxes to convey water from ditch to laterals; that the overseer has the exclusive control of the headgate; that, if there shall be an insufficient quantity of water in the ditch, then the water shall be prorated among those having water rights; that each stockholder shall be entitled to as many votes as the books show he owns shares; and that the executive board shall be authorized to sell water to the village of Benkelman; also that "all water rights now belonging to said corporation and unsold may be sold by said executive board at a price not less than $500 each."

Coming now to a consideration of defendant's position, he claims that he is a shareholder in the corporation, and that he is entitled to the use of the water upon the payment of a mere maintenance charge, or the contribution of work and labor for reparation and maintenance to the same proportionate extent as other shareholders. If he is possessed of an interest in the corporation as a shareholder or the owner of a water right, there is no doubt his contention must be sustained. The question is presented whether he has shown that he has become and is now the owner of an interest in the ditch. He has produced no competent evidence of such ownership. It appears that Freeman Scott owned three shares. Defendant testifies that after Scott's death, and before this action was begun, he purchased these shares from a daughter of Mr. Scott; but the shares are not in evidence. On the other hand, one of the officers of plaintiff testifies that, though Scott was an original stockholder, he never kept up his assessments, and that his stock was canceled. Furthermore, there is no proof that the daughter from whom defendant alleges he purchased the stock had any title to them or any right to sell the same. We conclude, therefore, that defendant has failed to establish the ownership of any right or interest in the ditch other than that of a landowner for whose land an appropriation has been obtained by a ditch company, viz., he has the right to be

furnished water from the ditch in his proper proportion, in time of scarcity, to that of other irrigators, upon the payment of a reasonable and fair rate of compensation for the same, and this in the case of such a corporation is more than a mere maintenance charge. Rev. St. 1913, sec. 3454.

Defendant asserts some rights under subdivision 1, sec. 13, art. II, ch. 68, Laws 1889, under which the appropriation was made, which provides: "First. All persons through whose lands such ditch or canal runs are entitled to the use of the waters thereof in the order of their location along the line of said ditch or canal"—and argues that section 3374, Rev. St. 1913, preserves those rights, since it provides that "Nothing in this chapter contained shall be so construed as to interfere with or impair the rights to water appropriated and acquired prior to the fourth day of April, 1895." He seems to have overlooked the proviso to the second subdivision of section 13, *supra,* which is as follows in part: *"Provided,* that the owners or cultivators of such lands pay the usual and customary rates for the use of said water"—and also to have overlooked the further provisions in sections 12 and 13 as to the distribution of water.

The lack of evidence upon some material points due to the nonproduction of the best evidence on the part of the litigants, owing no doubt largely to the long lapse of time from the organization of the plaintiff company, and the death or removal of those who originally applied water to the lands, has rendered this a somewhat perplexing case to decide, and many difficult questions are suggested, but, not being material to the main issue, are not decided.

The judgment of the district court is reversed and the cause remanded, with instructions to allow an injunction restraining the defendant from interfering with the ditch, or from using any water taken from the canal or laterals of the plaintiff, unless and until he pays, or contracts to pay, to the plaintiff a reasonable compensation

for such water as he is entitled to and desires furnished to his land from plaintiff's canal or ditch, or until he acquires or establishes his title to a water right in the ditch.

REVERSED.